UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JANNET FASHAKIN,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER ROBLEY, shield # 23263, POLICE
OFFICER THOMAS KENNEDY, shield # 26889,
POLICE OFFICER JUSTIN GRIECO, shield # 4991,
POLICE OFFICER ADAM SILVER, shield # 19873,
POLICE OFFICER GARY LEITE, shield # 27464,
POLICE OFFICER ANOWAR HUSSAIN, shield # 2759,
SERGEANT PATRICK MCGRATH, shield # 4430,
POLICE OFFICER ERIC TARR, shield # 5908,
SERGEANT AMANDA PALMENTA, shield # 4326,
SERGEANT JOSE DESCHAMPS, shield # 2706,
POLICE OFFICER ALFRED REICHENBACH, shield
#30574, POLICE OFFICER DIEGO DOTRES, shield
#12213, POLICE OFFICER CHARLES MARTIN,
shield #24880, POLICE OFFICER TIA MONGELLO,
shield #26127, POLICE OFFICERS JANE/JOHN
DOE(S) #S 1-10,

                Defendants.
_____X

**SECOND AMENDED COMPLAINT**

PLAINTIFF DEMANDS TRIAL BY JURY

13-CV-5699 (PKC) (MDG)

        Plaintiff JANNET FASHAKIN, for her complaint, by her attorney LAW OFFICE OF DAVID A. ZELMAN, and upon information and belief, respectfully alleges as follows:

### I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which Plaintiff JANNET FASHAKIN (hereinafter "FASHAKIN" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. This action stems from two incidents in which FASHAKIN was falsely arrested with excessive force and maliciously prosecuted

by employees of the City of New York. As a result of the false arrest with excessive force and malicious prosecution by Defendants, FASHAKIN suffered physical and mental injuries and damage to her reputation.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff at all times relevant hereto resided in the City of New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER CHRISTOPHER ROBLEY, shield # 23263 (hereinafter "ROBLEY") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. ROBLEY is sued in his official and individual capacity.

6. Defendant POLICE OFFICER THOMAS KENNEDY, shield # 26889 (hereinafter "KENNEDY") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. KENNEDY is sued in his official and individual capacity.

7. Defendant POLICE OFFICER JUSTIN GRIECO, shield # 4991 (hereinafter "GRIECO") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GRIECO is sued in his official and individual capacity.

8. Defendant POLICE OFFICER ADAM SILVER, shield # 19873 (hereinafter "SILVER") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. SILVER is sued in his official and individual capacity.

9. Defendant POLICE OFFICER GARY LEITE, shield # 27464 (hereinafter "LEITE") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. LEITE is sued in his official and individual capacity.

10. Defendant POLICE OFFICER ANOWAR HUSSAIN, shield # 2759 (hereinafter "HUSSAIN") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. HUSSAIN is sued in his official and individual capacity.

11. Defendant SERGEANT PATRICK MCGRATH, shield # 4430 (hereinafter "MCGRATH") was an NYPD sergeant, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MCGRATH is sued in his official and individual capacity.

12. Defendant POLICE OFFICER ERIC TARR, shield # 5908 (hereinafter "TARR") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant,

and/or employee of Defendant CITY and within the scope of his employment. TARR is sued in his official and individual capacity.

13. Defendant SERGEANT AMANDA PALMENTA, shield # 4326 (hereinafter "PALMENTA") was an NYPD sergeant, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. PALMENTA is sued in her official and individual capacity.

14. Defendant SERGEANT JOSE DESCHAMPS, shield # 2706 (hereinafter "DESCHAMPS") was an NYPD sergeant, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DESCHAMPS is sued in his official and individual capacity.

15. Defendant POLICE OFFICER ALFRED REICHENBACH, shield # 30574 (hereinafter "REICHENBACH") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. REICHENBACH is sued in his official and individual capacity.

16. Defendant POLICE OFFICER DIEGO DOTRES, shield # 12213 (hereinafter "DOTRES") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. DOTRES is sued in his official and individual capacity.

17. Defendant POLICE OFFICER CHARLES MARTIN, shield # 24880 (hereinafter "MARTIN") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MARTIN is sued in his official and individual capacity.

18. Defendant POLICE OFFICER TIA MONGELLO, shield # 26127 (hereinafter "MONGELLO") was an NYPD officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MONGELLO is sued in her official and individual capacity.

19. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

20. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

21. FASHAKIN is an attorney with an office located at 366 Glenmore Avenue, a/k/a 177 Sheffield Avenue, Brooklyn, NY, on the ground floor. FASHAKIN is also the owner of a real estate agency, Ayoola Realty, which has an office at the same address.

22. The building located at 177 Sheffield Avenue has approximately 4 apartments on the second and third floors. The building is owned by Rachael Omole, and Ayoola Realty manages the building.

23. In early July of 2012, a woman named Kissia Diomande contacted FASHAKIN about renting an apartment on the second floor of 177 Sheffield Avenue. Ms. Diomande needed

5

        to apply for rent assistance in order to live in the building, so FASHAKIN provided her with an unsigned lease to assist Ms. Diomande with obtaining the rent assistance. On approximately July 10, 2012, FASHAKIN informed Ms. Diomande that she was not qualified to rent the apartment.

24. On or about July 10, and July 12, 2012, individuals witnessed Ms. Diomande breaking into the second floor apartment at 177 Sheffield Avenue.

25. On or about July 19, 2012, FASHAKIN called the police regarding the break in. New York City Police Officers, including but not limited to LERTE and HUSSAIN told FASHAKIN that a trespasser has 24 hours to leave the premises. The officers told FASHAKIN that if Ms. Diomande had not left the premises by 6 P.M. on July 20, 2012, to call the police.

26. On or about July 20, 2012, FASHAKIN called the police because Ms. Diomande had not yet vacated the apartment. New York City Police Officers, including but not limited to MCGRATH, arrived at the building. MCGRATH told FASHAKIN that he was overruling the officers from the previous day and that Ms. Diomande would be allowed to stay.

27. On July 31, 2012 at approximately 10:00 A.M., FASHAKIN went to speak to Ms. Diomande. After speaking with Ms. Diomande, FASHAKIN called the police again.

28. Police officers, including but not limited to ROBLEY, PALMENTA, REICHENBACH, DOTRES, MONGELLO, and MARTIN arrived at the scene. The officers spoke with Ms. Diomande, and arrested FASHAKIN. Officers assaulted FASHAKIN while she was in custody, including dragging her across the floor, causing injuries to her leg.

29. FASHAKIN had $7,000 in cash in her office downstairs when she was arrested. Police officers went into her office and took the cash. This money was never returned to FASHAKIN.

30. FASHAKIN was handcuffed and transported to the 75th precinct, where she was held for approximately eight hours.

31. FASHAKIN was then transported to Central Booking, where she was held for approximately eight hours before seeing a judge.

32. At arraignment, FASHAKIN was charged with Burglary in the First Degree (PL 140.30(2)), Robbery in the First Degree (PL 160.15(3)), Burglary in the Second Degree (PL 140.25(1)(B)), Robbery in the Second Degree (PL 160.10(2)(A)), Burglary in the Third Degree (PL 140.20), Robbery in the Third Degree (PL 160.05), Grand Larceny in the Fourth Degree (PL 155.30(5)), Assault in the Third Degree (PL 120.00(1)), Criminal Trespass in the Second Degree (PL 140.15), Petit Larceny (PL 155.25), Criminal Possession of Stolen Property in the Fifth Degree (PL 165.40), Criminal Possession of a Weapon in the Fourth Degree (PL 265.01(2)), Attempted Assault in the Third Degree (PL 110/120.00(1)), Menacing in the Third Degree (PL 120.13), Trespass (PL 140.05), and Harassment in the Second Degree (PL240.26(1)). FASHAKIN was released on her own recognizance.

33. On or about September 21, 2012, FASHAKIN was working in her office located on the first floor of 366 Glenmore Avenue a/k/a 177 Sheffield Avenue, Brooklyn, NY, when police officers, including but not limited to TARR, GRIECO, SILVER, and KENNEDY entered FASHAKIN's office and arrested her again. Police officers also took

approximately $500 from FASHAKIN's bag, and this money was never returned to FASHAKIN.

34. FASHAKIN was handcuffed and transported to the 75th precinct, were she was detained for approximately 10 hours.

35. FASHAKIN was transported to Central Booking, where she was detained for approximately 10 to 12 hours before arraignment. Upon information and belief, FASHAKIN was charged with *inter alia* violating an order of protection, criminal contempt, and harassment, and released on her own recognizance.

36. FASHAKIN was required to appear in court approximately 5 times on the Burglary and related charges. FASHAKIN was required to appear in court approximately 5 times on the charges of violating the order of protection. Upon information and belief, all charges against FASHAKIN have been dismissed. FASHAKIN was required to hire a lawyer to defend against the charges, at a cost of $5,000.00.

37. FASHAKIN made complaints to the Civilian Complaint Review Board regarding both incidents. The complaints were referred to the Internal Affairs Bureau, which recommended discipline for some of the officers involved.

38. On or about the 10th day of April, 2013, FASHAKIN's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the causes of action herein accrued and set forth the name and post office address of FASHAKIN, the nature of the claims, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

39. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

40. Paragraphs 1 through 39 of this complaint are hereby realleged and incorporated by reference herein.

41. That Defendants had neither valid evidence for the arrest of FASHAKIN nor legal cause or excuse to seize and/or detain her on both occassions.

42. That in detaining FASHAKIN without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYC TLC under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. FASHAKIN was but one of those persons.

43. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

44. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

45. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of FASHAKIN's rights alleged herein.

46. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of FASHAKIN's rights, subjected FASHAKIN to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

47. By reason of the foregoing, FASHAKIN suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

48. Paragraphs 1 through 47 are hereby realleged and incorporated by reference herein.

49. That the seizures, detentions and imprisonments of FASHAKIN were unlawful in that Defendants had no probable cause to detain, arrest and/or imprison her on both occasions.

50. That Defendants intended to confine FASHAKIN.

51. That FASHAKIN was conscious of the confinement and did not consent to it.

52. That the confinements were not otherwise privileged.

53. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of FASHAKIN's rights, deprived her of her liberty when they subjected her to an unlawful, illegal and excessive detention, in violation of State law.

54. That by reason of the foregoing, FASHAKIN suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

57. That Defendants had no legal cause or reason to use excessive force in effectuating FASHAKIN's arrest.

58. That Defendants violated FASHAKIN's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

59. That at the time of the arrest or while in custody, FASHAKIN did not pose a threat to the safety of the arresting officers.

60. That FASHAKIN was not actively resisting arrest or attempting to evade arrest.

61. That defendant CITY, through its officers, agents, and employees, unlawfully subjected FASHAKIN to excessive force while effectuating her arrest.

62. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

63. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of FASHAKIN's rights, subjected FASHAKIN to excessive force while effectuating her arrest, in violation of her

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

64. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of FASHAKIN's civil rights, including but not limited to the right to be free from the application of excessive force.

65. That upon information and belief, in 2012, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

66. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

67. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

68. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FASHAKIN's rights alleged herein.

69. By reason of the foregoing, FASHAKIN suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

72. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

73. That Defendants had no legal cause or reason to use excessive force in effectuating FASHAKIN's arrest or after FASHAKIN was arrested and in custody.

74. That at the time of the arrest, FASHAKIN did not pose a threat to the safety of the arresting officers.

75. That FASHAKIN was not actively resisting arrest or attempting to evade arrest.

76. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

77. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of FASHAKIN's rights, subjected FASHAKIN to excessive force while effectuating her arrest, in violation of the laws of the State of New York.

78. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of FASHAKIN's civil rights, including but not limited to the right to be free from the application of excessive force.

79. By reason of the foregoing, FASHAKIN suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

80. Paragraphs 1 through 79 are hereby realleged and incorporated by reference herein.

81. That Defendants with malicious intent, arrested FASHAKIN and initiated criminal proceedings despite the knowledge that FASHAKIN had committed no crime.

82. That all charges against FASHAKIN have been dismissed.

83. That there was no probable cause for the arrests and criminal proceedings.

84. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FASHAKIN's rights, deprived FASHAKIN of her liberty when they maliciously prosecuted her and subjected her to unlawful, illegal and excessive detentions, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

85. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, FASHAKIN was maliciously prosecuted despite the fact that she had committed no violation of the law.

86. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

87. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

88. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of FASHAKIN's rights alleged herein.

89. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

90. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

91. That by reason of the foregoing, FASHAKIN suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

92. Paragraphs 1 through 91 are hereby realleged and incorporated by reference herein.

93. That Defendants acted with malicious intent, arrested FASHAKIN and initiated criminal proceedings despite the knowledge that FASHAKIN had committed no crime.

94. All charges against FASHAKIN have been dismissed.

95. That there was no probable cause for the arrests and criminal proceedings.

96. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FASHAKIN's rights, deprived FASHAKIN of her liberty when they maliciously prosecuted her in violation of the Laws of the State of New York.

97. That by reason of the foregoing, FASHAKIN suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

98. Paragraphs 1 through 97 are hereby realleged and incorporated by reference herein.

99. That Defendants intended to cause harmful bodily contact to FASHAKIN.

100. That defendant Defendants, in a hostile manner, voluntarily caused FASHAKIN's injuries.

101. That Defendants' contact with FASHAKIN constituted a battery in violation of the laws of the State of New York.

102. That by reason of the foregoing, FASHAKIN suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

103. Paragraphs 1 through 102 are hereby realleged and incorporated by reference herein.

104. By fabricating evidence, defendants violated FASHAKIN's constitutional right to a fair trial.

105. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

106. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress,

anguish, anxiety, fear, humiliation, loss of freedom and damage to her reputation and standing within her community.

### XIII. NINTH CAUSE OF ACTION
### Pursuant to § 1983 (ABUSE OF CRIMINAL PROCESS)

107. Paragraphs 1 through 106 are hereby realleged and incorporated by reference herein.

108. Defendants caused FASHAKIN to be arraigned, constituting regularly issued legal process to compel performance or forbearance of some act.

109. Defendants intended to do harm without excuse or justification.

110. Defendants issued process against FASHAKIN in order to obtain a collateral objective that is outside its legitimate ends.

111. There was no probable cause for the criminal proceeding.

112. By reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of FASHAKIN's rights, deprived FASHAKIN of her liberty by abusing criminal process, in violation of her rights pursuant to the Fourteenth Amendment of the United States Constitution.

113. As a result of the above constitutionally impermissible conduct, FASHAKIN was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to her reputation and standing within her community.

### XIV. TENTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF MEDICAL TREATMENT)

114. Paragraphs 1 through 113 are hereby realleged and incorporated by reference herein.

115. That the injuries FASHAKIN suffered as a result of Defendants' assault amounted to a serious medical condition.

116. That untreated, FASHAKIN's injuries amounted to a substantial risk of serious harm.

117. That FASHAKIN requested medical treatment for her injuries.

118. That Defendants refused to provide medical treatment.

119. That the denial of medical care resulted in a substantial risk of serious harm to FASHAKIN.

120. That Defendants acted with reckless disregard for the substantial risk.

121. That Defendants denied FASHAKIN access to medical care because of a deliberate indifference to the medical need.

122. That by reason of the foregoing, FASHAKIN suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XV. ELEVENTH CAUSE OF ACTION
### Pursuant to State Law (CONVERSION)

123. Paragraphs 1 through 122 are hereby realleged and incorporated by reference herein.

124. At the time of her arrest on July 31, 2012, FASHAKIN was in possession of Seven Thousand ($7,000.00) Dollars in cash.

125. On or about July 31, 3012, Defendants took the above mentioned property from FASHAKIN's possession and converted it to their own use.

126. At the time of her arrest on September 21, 2012, FASHAKIN was in possession of Five Hundred ($500.00) Dollars in cash.

127. On or about September 21, 2012, Defendants took the above mentioned property from FASHAKIN's possession and converted it to their own use.

128. As a result of the foregoing, FASHAKIN was damaged in the sum of Seven Thousand ($7,500.00) Dollars.

### XVI. TWELFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

129. Paragraphs 1 through 128 are hereby realleged and incorporated by reference herein.

130. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

131. That at all times Defendants were acting within the scope of their employment.

132. That Defendant CITY was able to exercise control over Defendants activities.

133. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, FASHAKIN suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from July 31, 2013;

19

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5.  Granting such other and further relief as to this Court deems proper.

DATED:    Brooklyn, New York
          July 10, 2014

                                        _____
                                        DAVID A. ZELMAN, ESQ.
                                        612 Eastern Parkway
                                        Brooklyn, New York 11225
                                        (718) 604-3072